UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MUHAMMAD CHAUDHRY,

       Plaintiff,

   v.

UNITED STATES CITIZEN AND
IMMIGRATION SERVICES, *et al*.,

       Defendants.

Case No. 2:19-cv-01097-RAJ

**ORDER GRANTING MOTION
TO DISMISS**

## I.  INTRODUCTION

This matter is before the Court on Defendant's motion to dismiss.  Dkt. # 15.  For the reasons below, the Court **GRANTS** the motion.

## II.  BACKGROUND

Plaintiff Muhammad Chaudhry filed a Form N-400, application for naturalization, most recently on November 19, 2013. Dkt. # 16, at ¶ 3. Plaintiff had been found inadmissible and was in removal proceedings at the time of his application for naturalization. *See id.* at ¶ 4.  Removal proceedings concluded on March 12, 2018, and Plaintiff was not removed. *Id.* at ¶ 5.

Plaintiff filed this action for declaratory and mandamus relief related to his naturalization application on July 16, 2019. Dkt. # 1. On August 13, 2019, Plaintiff asked for a continuance of certain pretrial deadlines because he was advised that USCIS had

ORDER – 1

scheduled a "citizenship interview" for October 3, 2019. *See* Dkt. # 6. Defendants concurred in the request and also requested additional time to respond to the Complaint. Dkt. # 7. The Court entered a Minute Order granting the parties' respective requests, thereby extending the deadline for Defendants' response to Plaintiff's Complaint, as well as certain other pretrial deadlines. Dkt. # 8.

On November 13, 2019, Plaintiff filed a motion for summary judgment for naturalization as well as a motion to declare the Controlled Application Review and Resolution Program (CARRP) unconstitutional. Dkt. ## 11, 12. On November 27, 2019, Defendants filed a motion to dismiss the complaint based on lack of subject-matter jurisdiction. Dkt. # 15.

### III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). "Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

On a Rule 12(b)(1) motion to dismiss, the applicable standard turns on the nature of the jurisdictional challenge. A defendant may either challenge jurisdiction on the face of the complaint or provide extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. *See, e.g., White,* 227 F.3d at 1242. For a facial attack on a court's subject matter jurisdiction, the standard is similar to the standard applied in determining a Rule 12(b)(6) motion. That is, the factual allegations are presumed true, and the motion is granted only if the plaintiff does not set forth the elements necessary for subject matter jurisdiction. *See Doe v. Schachter*, 804 F.Supp. 53, 57 (N.D. Cal. 1992). In a factual attack, a district court may review evidence beyond the complaint without converting the

motion to dismiss into a motion for summary judgment, and the court need not presume the truthfulness of the plaintiff's allegations. *See, e.g., Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

## IV. DISCUSSION

Defendants argue that this Court is without jurisdiction because USCIS adjudicated Plaintiff's Form N-400 application for naturalization and he subsequently failed to exhaust administrative remedies prior to filing suit.

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 89-90 (2013); *Alvarez v. Smith*, 558 U.S. 87, 92 (2009). In this case, USCIS has adjudicated Plaintiff's Form N-400 application for naturalization: he was interviewed by USCIS on October 3, 2019 and his application was denied on November 4, 2019. Dkt. # 16, at ¶¶ 6,7. A plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Consequently, Plaintiff's mandamus claim is moot because there is no other relief that this Court can provide. *Id*.; *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (court lacks jurisdiction to hear claims that are moot).

Additionally, the Court is without jurisdiction to consider the merits Plaintiff's purported naturalization claim, which is governed by 8 U.S.C. §1421(c). Section 1421(c) provides that "a person whose application for naturalization ... is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides ...." Plaintiff has not participated in a hearing before an immigration officer nor has he requested a hearing. *See* Dkt. # 16 at ¶ 8. Accordingly, Plaintiff has not exhausted his administrative remedies. Where, as here, exhaustion of administrative remedies is required by statute, exhaustion is jurisdictional and must be enforced. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *Al Gazawi v. Mukasey*, Case No. C06-1696-RSM, 2008 WL

ORDER – 3

11506713 (W.D. Wash. Sep. 9, 2008) (lacking jurisdiction to consider naturalization application under 8 U.S.C. §1421(c) where no decision had been issued following appeal).

For these reasons, the Court **GRANTS** Defendants' motion. Defendants also argue that this Court should not grant Plaintiff leave to amend. Dkt. # 15 at 7. Although leave to amend should be freely granted, courts may deny leave to amend where amendment would be futile or where the amended complaint would be subject to dismissal. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, no amendment could remedy the lack of subject matter jurisdiction prior to Plaintiff's completion of the administrative appeal process prescribed by § 1447(a).[1] For this reason, the Court denies leave to amend and dismisses this action with prejudice.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion. Dkt. # 15. The Court **DENIES** as moot Plaintiff's pending motions. Dkt. ## 11, 12, 25, 30, 32.

DATED this 6th day of January 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4